UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WISELINE THERMIDOR and JENNOI GAYNOR,

                                Plaintiffs,

                v.

UNITED STATES OF AMERICA and COMMERCIAL TRAILER LEASING INC.,

                                Defendants.

**MEMORANDUM & ORDER**
24-CV-04764 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs Wiseline Thermidor and Jennoi Gaynor bring this negligence action under New York law against Commercial Trailer Leasing, Inc. ("CTL") and against the United States of America ("USA") under the Federal Tort Claims Act. *See* ECF No. 27 (Amended Complaint ("AC")). On January 2, 2025, CTL moved for a judgment on the pleadings pursuant to Rule 12(c) on the basis that the Graves Amendment, 49 U.S.C. § 30106, bars Plaintiffs' claims against it. *See* ECF No. 31 (CTL's Mot.). For the reasons explained below, the Court grants CTL's motion.

## BACKGROUND

The Court draws the following facts from the AC and CTL's answer.[1] *See* ECF No. 30 (CTL's Answer). This action arises out of a car crash that occurred on November 24, 2023. AC

---

[1]     "Pleadings include both the complaint and the answer to the complaint." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021). In deciding a Rule 12(c) motion, the Court may "rely on the complaint, the answer, any written documents attached to them, and any matter of which the [C]ourt can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009). "Until both parties have an opportunity to test their evidence at summary judgment or trial, we must accept the non-

¶ 54.  The accident allegedly occurred in Brooklyn, when a United States Postal Service ("USPS") tractor-trailer (the "Vehicle") collided with a car driven by Plaintiff Thermidor, in which Plaintiff Gaynor was a passenger (the "Accident").  *Id.* ¶¶ 50, 54, 67; ECF No. 30 ¶ 54.  The Vehicle's semi-trailer was allegedly owned by CTL and leased to USPS.  AC ¶ 70; ECF No. 30 ¶ 70.  Plaintiffs allege that the Accident was caused by Defendants' negligence and claim they suffered serious injuries and economic loss as a result.  AC ¶¶ 54, 59, 77.  Specifically, Plaintiffs allege that the Vehicle's driver, a USPS employee, was negligent in his operation of the Vehicle, by driving at an "excessive speed," "not safely changing lanes," and "failing to give an appropriate signal."  *Id* ¶¶ 54, 72.  Plaintiffs also allege that "the [A]ccident was caused by the condition of the [D]efendants [sic] [V]ehicle as a consequence of the [D]efendants [sic] negligent failure to maintain, inspect and repair" the Vehicle.  *Id.* ¶ 55.

Plaintiffs filed their initial Complaint on July 9, 2024, against the USA, USPS, a USPS employee, and CTL.  *See* ECF No. 1 (Compl.).  The Court later dismissed the USPS employee and USPS for lack of jurisdiction, with Plaintiffs' consent.  *See* Oct. 8, 2024, Text Order.  The Court then held a telephonic conference during which it informed Plaintiffs' counsel that the Complaint did not provide "sufficient factual allegations that negligence existed as to [D]efendant CTL."  *See* November 27, 2024, Minute Entry.  The Court directed Plaintiffs to "either file a Stipulation of Dismissal dismissing [D]efendant CTL or file an Amended Complaint."  *Id.*  On December 9, 2024, Plaintiffs filed their Amended Complaint.  *See* ECF No. 27.  CTL filed its answer on December 16, 2024.  *See* ECF No. 30.  On January 2, 2025, CTL moved for a judgment on the pleadings pursuant to Rule 12(c).  *See* ECF No. 31.  Plaintiffs

---

movant[s'] pleadings as true and decline to weigh competing allegations asserted by the moving party."  *Lively*, 6 F.4th at 301.

filed their opposition, with no request for leave to further amend, on January 10, 2025. *See* ECF No. 32 (Plaintiff's Opp'n). CTL filed a reply on February 6, 2025. *See* ECF No. 33 (CTL's Reply).

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Ezra v. Bristol-Myers Squibb Co.*, 784 F. App'x 48, 49 (2d Cir. 2019).[2] "To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Mount Sinai Hosp. Grp.*, No. 23-466, 2024 WL 3289475, at *1 (2d Cir. July 3, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The AC fails to cure the deficiency the Court identified with Plaintiffs' original Complaint, as it still does not state a claim against CTL. Plaintiffs assert three negligence claims against CTL: (1) on behalf of Thermidor; (2) on behalf of Gaynor; (3) on behalf of property damage to Thermidor's car. *See* AC ¶¶ 19–84. Plaintiffs allege that CTL was "negligent in [its]

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

3

maintenance, inspection, and repair" of the Vehicle. *Id.* ¶ 13. CTL argues that Plaintiffs' claims against it are barred by the Graves Amendment. ECF No. 31 at 4.

The Graves Amendment was "enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner." *Rein v. CAB E. LLC*, No. 08-cv-2899, 2009 WL 1748905, at *2 (S.D.N.Y. June 22, 2009). The Graves Amendment provides, in relevant part:

> (a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).[3] The Graves Amendment thus preempts state law vicarious liability claims against lessor-owners of motor vehicles under certain circumstances, if the owner is not itself negligent or criminally liable. *See Merchants Ins. Grp. v. Mitsubishi Motor Credit Ass'n*, 356 F. App'x 548, 551 (2d Cir. 2009) (finding that New York's vicarious liability scheme as applied to lessor-owners of leased vehicles was preempted by the Graves Amendment). CTL argues that "Plaintiffs' [AC] fails to allege any facts that would stop the application of the Graves Amendment's bar to liability," and the Court agrees. ECF No. 31 at 7. The Graves Amendment shields CTL from liability because Plaintiffs have not alleged any criminal wrongdoing by CTL,

---

[3]    The Graves Amendment was implemented in 2005 as part of the Safe, Accountable, Flexible, Efficient Transportation Equity Act, a comprehensive transportation bill. *Palacios v. Aris, Inc.*, No. 08-cv-0746, 2010 WL 933754, at *6 (E.D.N.Y. Mar. 11, 2010).

nor has Plaintiff adequately alleged that CTL was negligent in maintaining, inspecting, or repairing the Vehicle's trailer.

Plaintiffs advance two arguments in support of its claim that the Graves Amendment is inapplicable to the claims against CTL. First, they contend that "the Graves Amendment does not apply to, and does not shield owners of non-motorized 'trailers.'" ECF No. 32 at 1. Second, they argue that the Graves Amendment is inapplicable because the AC "makes allegations of (independent) negligence against [CTL]." *Id.* at 2. The Court addresses each argument in turn.

As to Plaintiffs' first contention—that the Graves Amendment does not apply to semi-trailers—this argument is without merit and contradicts the plain language of the statute.[4] The statute defines "motor vehicle" as "a vehicle driven or *drawn* by mechanical power and manufactured primarily for use on public streets, roads, and highways." 49 U.S.C. § 30102(a)(7) (emphasis added). This definition necessarily includes semi-trailers, as they are "drawn by mechanical power." *Id.* Plaintiffs provide no authority to the contrary. *See generally* ECF No. 32. Indeed, several courts have concluded that this definition encompasses semi-trailers. *See e.g., Rivera v. Convoy, Inc.*, No. 23-cv-01353, 2024 WL 3791183, at *3 (D. Conn. Aug. 13, 2024) (applying the Graves Amendment to a semi-trailer); *Eisenberg v. Cope Bestway Exp., Inc.*, 17 N.Y.S.3d 457, 459–61 (N.Y. App. Div. 2015) (same); *Dolter v. Keene's Transfer, Inc.*, No. 08-cv-262, 2008 WL 3010062, at *2 (S.D. Ill. Aug. 5, 2008) (same).

---

[4] Throughout the AC, Plaintiffs refer to the Vehicle as the "USPS truck/motor vehicle." *See, e.g.,* AC ¶¶ 20–48, 58, 76. Only in their opposition do Plaintiffs attempt to distinguish between the USPS truck and the "semi-trailer" CTL leased to USPS. *See* ECF No. 32 at 1 ("The [D]efendant['s] motion represents that they leased a 'semi-trailer' to [USPS]. A semi-trailer is not a motor vehicle. Instead, the 'semi-trailer' is pulled by a separate tractor unit, or a truck."). Regardless, this distinction is irrelevant to the applicability of the Graves Amendment.

5

Plaintiffs' second argument—that the Graves Amendment should not apply because CTL was allegedly "negligent in [its] maintenance, inspection, and repair" of the Vehicle—invokes the statutory exception for owner negligence, but is equally meritless. AC ¶ 13. Plaintiffs' allegations fail to satisfy both the substantive elements of a negligence claim under New York law as well as the basic pleading requirements of federal civil procedure.[5]

Under New York law, "[t]o establish a prima facie case of negligence . . . a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006). Plaintiffs' negligence allegations amount to "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. While Plaintiffs allege that "the [A]ccident was caused by the condition of the [D]efendants [sic] [V]ehicle as a consequence of the [D]efendants [sic] negligent failure to maintain, inspect and repair" the Vehicle, AC ¶ 55, they offer no factual allegations to support this claim. Instead, the only specific factual allegations regarding the cause of the Accident pertain to the actions of the Vehicle's driver, not CTL. *See id.* ¶¶ 54, 72 (alleging that the Vehicle's driver: drove at an "excessive speed"; failed "to give an appropriate signal"; and failed "to keep a lookout and to observe the [Vehicle]"). Plaintiffs' "formulaic recitation of the elements of a cause of action" of negligence by CTL "will not do." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs' conclusory and unsupported allegations

---

[5] Because the Court has diversity jurisdiction over Plaintiffs' negligence claims against CTL, and the Accident occurred in New York, New York substantive law governs the claims. *See Tenas-Reynard v. Palermo Taxi Inc.*, No. 14-cv-6974, 2016 WL 1276451, at *8 (S.D.N.Y. Mar. 30, 2016) ("Because a federal court sitting in diversity applies the law of the forum state and because New York is the state where the tort [allegedly] occurred, New York law governs [p]laintiff's negligence claim.").

against CTL are insufficient to state a negligence claim and do not preclude application of the Graves Amendment. *See Rivera*, 2024 WL 3791183, at *5 (holding that because plaintiff's negligence claim failed, its claim against defendant trailer lessor was barred by the Graves Amendment).

## **CONCLUSION**

For the foregoing reasons, Defendant CTL's motion for judgment on the pleadings is GRANTED as to all of Plaintiffs' claims. *See* ECF No. 31. The Clerk of Court is respectfully directed to terminate CTL from this action.

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                        HECTOR GONZALEZ
                                                        United States District Judge

Dated: Brooklyn, New York
       April 23, 2025